# United States Bankruptcy Court

## District of Connecticut

Filed and Entered
On Docket
April 16, 2020

In re:

      Elizabeth Penelope Conrad
      Debtor*

Case Number: 20–50021
Chapter: 13

U.S. Bank National Association, as Trustee, for Residential Asset Securities
Corporation, Home Equity Mortgage Asset–Backed Pass–Through Certificates,
Series 2006–EMX8
Movant(s)

v.

Elizabeth Penelope Conrad
Roberta Napolitano, Trustee

Respondent(s)

### ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND ORDER GRANTING <u>*IN REM* RELIEF FROM AUTOMATIC STAY</u>

      Upon the Motion for Relief from Stay dated February 19, 2020 (the "Motion", ECF No. 16), filed by U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset–Backed Pass–Through Certificates, Series 2006–EMX8 (the "Movant"), after notice and a hearing, *see* 11 U.S.C. § 102(1), and in accordance with 11 U.S.C. §§ 362(d)(1),(2) and (4); it is hereby

      **ORDERED:** The automatic stay provided in 11 U.S.C. § 362(a) is modified pursuant to 11 U.S.C. §§ 362(d)(1),(2) and (4) to permit the Movant and/or their successors and assignees, to exercise their rights, if any, with respect to real property commonly known as 58 Weed Hill Avenue, Stamford, Connecticut 06907, in accordance with applicable non–bankruptcy law;  and it is further

      **ORDERED:** To the extent there exists a co–debtor, the automatic stay pursuant to 11 U.S.C. § 362(a) and the fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) are modified to allow the Movant to enforce its interests in the real property against such co–debtor;  and it is further

      **ORDERED:** The Movant is granted *in rem* relief from the automatic stay as to the real property commonly known as 58 Weed Hill Avenue, Stamford, Connecticut 06907 (the "Property"), based upon the findings that the Movant's claim is secured by an interest in the Property, and that pursuant to 11 U.S.C. § 362(d)(4), the filing of the Debtor's petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the Property pursuant to 11 U.S.C. § 364(d)(4)(B); and it is further

      **ORDERED:** In accordance with 11 U.S.C. § 362(d)(4), if this Order is recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under this title purporting to affect such real property filed not later than two years after the date of the entry of this Order, except that the Debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and hearing, *see* 11 U.S.C. § 102(1). Any Federal, State or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording;  and it is further

      **ORDERED:** The fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) is hereby waived.

Dated: April 16, 2020

BY THE COURT

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut

United States Bankruptcy Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

Tel. (203) 579–5808
VCIS* (866) 222–8029
* Voice Case Information System
http://www.ctb.uscourts.gov
Form 118 – rms

*For the purposes of this order, "Debtor" means "Debtors" where applicable.