United States Bankruptcy Court
District of Connecticut

In re:                                                                  Case No. 20-50021-jam
Elizabeth Penelope Conrad                                               Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0205-5          User: rsenteio          Page 1 of 1              Date Rcvd: Apr 16, 2020
                             Form ID: pdfdoc2         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 18, 2020.
db              +Elizabeth Penelope Conrad,    58 Weed Hill Avenue,    Stamford, CT 06907-1523

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                               TOTAL: 0

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              U.S. Bank National Association, as Trustee, for Re
                                                                           TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 18, 2020                                Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 16, 2020 at the address(es) listed below:
          David M. Bizar    on behalf of Creditor   U.S. Bank National Association, as Trustee, for
           Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through
           Certificates, Series 2006-EMX8 dbizar@seyfarth.com,  bosdocket@seyfarth.com;mviglas@seyfarth.com
          Linda  St. Pierre   on behalf of Creditor   U.S. Bank National Association, as Trustee, for
           Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through
           Certificates, Series 2006-EMX8 by Wells Fargo Bank, N.A., the s bankruptcyecfmail@mccalla.com,
           Linda.St.Pierre@mccalla.com;mccallaecf@ecf.courtdrive.com
          Linda  St. Pierre   on behalf of Creditor   U.S. Bank National Association, as Trustee, for
           Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through
           Certificates, Series 2006-EMX8 bankruptcyecfmail@mccalla.com,
           Linda.St.Pierre@mccalla.com;mccallaecf@ecf.courtdrive.com
          Patrick  Crook    on behalf of Trustee Roberta  Napolitano pcrook@ch13rn.com
          Roberta  Napolitano    notices@ch13rn.com,  rnapolitano13@ecf.epiqsystems.com
          U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV
                                                                           TOTAL: 6

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | CASE No.     20-50021 (JAM) |
| ELIZABETH P. CONRAD, ) | |
| ) | CHAPTER     13 |
| DEBTOR. ) | |
| ) | |
| U.S. BANK, NATIONAL ASSOCIATION, ) | |
| MOVANT, ) | |
| ) | |
| V. ) | |
| ) | |
| ELIZABETH P. CONRAD, ) | |
| RESPONDENT. ) | RE: ECF No.     16 |
| ) | |

### Appearances

Linda St. Pierre, Esq.                                           *Attorney for the Movant*
McCalla Raymer Leibert Pierce, LLC
50 Weston St.
Hartford, CT 06120

Ms. Elizabeth P. Conrad                                         *Pro se Debtor*

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

Julie A. Manning, Chief United States Bankruptcy Judge

On January 9, 2020, Elizabeth Conrad (the "Debtor") filed a Chapter 13 petition. On

February 19, 2020, U.S. Bank National Association ("U.S. Bank") filed a Motion for Relief from

Stay (the "Motion for Relief from Stay") with regard to the Debtor's real property commonly

known as 58 Weed Hill Avenue, Stamford, Connecticut 06907 (the "Property"). ECF No. 16.

The Motion for Relief from Stay seeks relief under 11 U.S.C. §§ 362(d)(1) and (d)(2), and *in rem*

relief under § 362(d)(4).

Despite having requested and been granted an extension of time to file a response to the Motion for Relief from Stay, the Debtor failed to do so. On March 17, 2020, the Court held a hearing on the Motion for Relief from Stay. Counsel for U.S. Bank and the Debtor appeared at the hearing and presented their respective arguments on the Motion for Relief from Stay. At the conclusion of the hearing, the Court took the Motion for Relief from Stay under advisement. For the reasons set forth below, the Motion for Relief from Stay is granted.

## I.    Background[1]

1.    On or about July 21, 2006, the Debtor executed an Adjustable Rate Note in the original amount of $460,000.00 (the "Note") in favor of Mortgage Lenders Network U.S.C., Inc. The Debtor and John W. Conrad ("Mr. Conrad") also executed an Open-End Mortgage Deed (the "Mortgage") in favor of Mortgage Lenders Network USA, Inc. *See* Exhibits A and B to the Motion for Relief from Stay.[2]

2.    The Note was indorsed by Mortgage Lenders Network USA, Inc. to Emax Financial Group, LLC, who then indorsed the Note to Residential Funding, LLC, who then indorsed the Note to U.S. Bank. *See* Exhibit A to the Motion for Relief from Stay.

3.    U.S. Bank is also the holder of the Mortgage by assignment from Mortgage Electronic Registration Systems, Inc. as Nominee for Mortgage Capital Associates, Inc. to U.S. Bank. *See* Exhibit C to the Motion for Relief from Stay. Therefore, U.S. Bank is a party in interest pursuant to 11 U.S.C. § 362(d) and is entitled to seek the relief set forth in the Motion for Relief from Stay.

---

[1] The facts set forth herein are contained in the Motion for Relief from Stay or in pleadings or judgments filed in cases referenced in this decision.
[2] The Debtor is the only signatory to the Note. The Debtor and Mr. Conrad both signed the Mortgage.

4.      The Debtor has been in default of the Note since at least April 1, 2008. *See* Relief from Stay Worksheet-Real Estate attached to the Motion for Relief from Stay.

### A.  The State Court Foreclosure Action

5.      On August 15, 2008, U.S. Bank commenced a foreclosure action against the Debtor and Mr. Conrad in Connecticut Superior Court in an action entitled *U.S. Bank National Association v. Elizabeth P. Conrad et al.*, CV08-5008432 (the "State Court Foreclosure Action").

6.      According to the State Court Foreclosure Action docket attached to the Motion for Relief from Stay as Exhibit D, a Judgment of Foreclosure entered on January 12, 2009.

7.      A review of the State Court Foreclosure Action docket demonstrates that from 2009 until early 2014, the parties participated in a foreclosure mediation program. When mediation was not successful, U.S. Bank continued its efforts to obtain a judgment of foreclosure.

8.      At a hearing held in the State Court Foreclosure Action on May 7, 2014, the Debtor and Mr. Conrad, represented by counsel, and U.S. Bank, represented by counsel, stipulated to the entry of a Judgment of Foreclosure by Sale. A Judgment of Foreclosure by Sale then entered, which set a sale date of October 4, 2014.

9.      On September 18, 2014, the Debtor and Mr. Conrad filed a Motion to Open Judgment of Foreclosure by Sale, which the Superior Court denied on September 29, 2014. *See* Exhibit E to the Motion for Relief from Stay.

### B.  Mr. Conrad's 2014 Bankruptcy Case

10.     On October 3, 2014, one day before the Foreclosure by Sale was to be conducted, Mr. Conrad commenced a Chapter 7 case by filing a voluntary petition, Case No. 14-51541

("Mr. Conrad's 2014 Bankruptcy Case").  Because the automatic stay provided by 11 U.S.C. §

362(a) went into effect upon the filing of Mr. Conrad's 2014 Bankruptcy Case, the scheduled

Foreclosure by Sale of the Property was stayed.

11.     Mr. Conrad received a Chapter 7 discharge on January 14, 2015.  Mr. Conrad's

2014 Bankruptcy Case was closed on February 4, 2015.

### C.  The continuation of the State Court Foreclosure Action

12.     After Mr. Conrad's 2014 Bankruptcy Case was closed, U.S. Bank continued to

prosecute the State Court Foreclosure Action.

13.     On September 14, 2015, the Debtor and Mr. Conrad filed a Motion to Dismiss the

State Court Foreclosure Action.

14.     On January 29, 2016, the Motion to Dismiss was denied.  *See* Exhibit F to the

Motion for Relief from Stay.  A Judgment of Foreclosure by Sale again entered, setting June 4,

2016, as the date the Foreclosure by Sale was to be conducted.

15.     On May 5, 2016, the Debtor and Mr. Conrad filed another Motion to Open

Judgment of Foreclosure by Sale.  On May 31, 2016, the Superior Court denied the Motion to

Open Judgment.  *See* Exhibit G to the Motion for Relief from Stay.

### D.  The Debtor's 2016 Bankruptcy Case

16.     On June 3, 2016, the day before the Foreclosure by Sale was again to be

conducted, the Debtor commenced a Chapter 13 case by filing a voluntary petition, Case No. 16-

50740 (the "Debtor's 2016 Bankruptcy Case").  Because the automatic stay provided by 11

U.S.C. § 362(a) went into effect upon the filing of the Debtor's 2016 Bankruptcy Case, the

scheduled Foreclosure by Sale of the Property was again stayed.

17.     On August 12, 2016, U.S. Bank filed a Motion for Relief from Stay in the Debtor's 2016 Bankruptcy Case, which it amended on August 15, 2016.

18.     On December 21, 2016, the Court granted the Amended Motion for Relief from Stay, which also included a waiver of the fourteen-day stay of the Order provided by Fed. R. Bankr. P. 4001(a)(3).  The Connecticut Superior Court then set another Foreclosure by Sale date of March 4, 2017.  The Debtor's 2016 Bankruptcy Case was ultimately dismissed on June 12, 2017, for the failure to file an Amended Chapter 13 Plan.

### E.  Mr. Conrad's 2017 Bankruptcy Case

19.     On March 3, 2017, the day before the Foreclosure by Sale was again to be conducted, Mr. Conrad commenced a Chapter 13 case by filing a voluntary petition, Case No. 17-50234 ("Mr. Conrad's 2017 Bankruptcy Case").  Once again, because the automatic stay provided by 11 U.S.C. § 362(a) went into effect upon the filing of Mr. Conrad's 2017 Bankruptcy Case, the scheduled Foreclosure by Sale of the Property was stayed.

20.     On March 21, 2017, Mr. Conrad's 2017 Bankruptcy Case was dismissed due to his failure to file required documents to administer his case and his failure to cure required document deficiencies, despite being provided with an opportunity to do so.

### F.  State Court Foreclosure Action after dismissal of Mr. Conrad's 2017 Bankruptcy Case

21.     On April 17, 2017, U.S. Bank filed a Motion to Open Judgment of Foreclosure by Sale and Extend the Sale Date in the State Court Foreclosure Action.

22.      On May 15, 2017, the Motion to Open Judgment was granted and another Judgment of Foreclosure by Sale entered setting August 5, 2017, as the date the Foreclosure by Sale was to be conducted.  *See* Exhibit J to the Motion for Relief from Stay.

23.     On June 26, 2017, the Debtor filed another Motion to Dismiss the State Court

Foreclosure Action, which was denied on July 10, 2017.

24.     On July 28, 2017, a week before a Foreclosure by Sale was again to be conducted,

the Debtor appealed the denial the Motion to Dismiss to the Connecticut Appellate Court.  The

appellate stay provided under Connecticut Practice Book § 61-11(a) took effect and the

Foreclosure by Sale scheduled to be conducted on August 5, 2017, was again stayed.

### G.  The Connecticut Appellate Court and the Petition for *Certiorari*

25.     On May 7, 2019, the Connecticut Appellate Court affirmed the Connecticut

Superior Court's denial of the Motion to Dismiss and remanded the case to the Connecticut

Superior Court for the purpose of setting a new Foreclosure by Sale date.  *See* Exhibit K to the

Motion for Relief from Stay.

26.     On September 4, 2019, the Debtor filed a petition for *certiorari* in the Connecticut

Supreme Court.

27.     On October 22, 2019, the Connecticut Supreme Court denied the Debtor's

petition for *certiorari* of the opinion of the Connecticut Appellate Court.  *U.S. Bank, N.A. v.*

*Elizabeth P. Conrad et al.*, 333 Conn. 929 (2019).

28.     On October 28, 2019, after the petition for *certiorari* was denied, the Connecticut

Superior Court entered another Judgment of Foreclosure by Sale which: (i) found that a total

debt of $884,157.06 was owed to the Plaintiff; (ii) determined that the Property had a Fair

Market Value of $396,000.00; and (iii) set another Foreclosure by Sale date of January 11, 2020.

*See* Exhibits M and N to the Motion for Relief from Stay.

### H. The Debtor's 2020 Bankruptcy Case

29.     On January 9, 2020, two days before the scheduled Foreclosure by Sale was again to be conducted, the Debtor commenced the instant Chapter 13 case by filing a voluntary petition, Case No. 20-50021 (the "Debtor's 2020 Bankruptcy Case").  Because the automatic stay provided by 11 U.S.C. § 362(a) went into effect upon the filing of the Debtor's 2020 Bankruptcy Case, the Foreclosure by Sale of the Property scheduled to be conducted on January 11, 2020, was stayed.

30.     On February 19, 2020, U.S. Bank filed the Motion for Relief from Stay.

## II.     Discussion

U.S. Bank seeks relief from the automatic stay under 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4).  Section 362(g) provides that the party requesting relief from the automatic stay has the burden of proof on the question of the debtor's equity in property and the party opposing relief has the burden on all other issues.  11 U.S.C. § 362(g).  The moving party must first establish its *prima facie* case for relief.  3 *Collier on Bankruptcy*, ¶ 362.10, p. 362-135 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).  A *prima facie* case requires a movant to show "a factual and legal right to the relief it seeks."  *Id*.  Under section 362(d), if a movant presents a *prima facie* case and no contrary evidence is presented, the Court "shall" grant the relief requested.  11 U.S.C. § 362(d).  After a careful review of the record in this case, the Court finds that U.S. Bank has met its burden and grants it relief under sections 362(d)(1), (d)(2), and (d)(4).

### A. Cause exists under section 362(d)(1) for granting relief from the stay

Section 362(d)(1) provides,

> On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

11 U.S.C. § 362(d)(1) (emphasis added). As noted above, U.S. Bank is a party in interest under section 362(d). Although "cause" is not defined in the Bankruptcy Code, cause has been found to include non-payment of a debt or a lack of adequate protection. *See In re Caires*, 611 B.R. 1, 6-7 (Bankr. D. Conn. 2020) (finding cause to grant relief from the automatic stay where the debtor failed to pay a note and mortgage for over ten years and the movant lacked adequate protection where the debtor had no equity in the property); *In re Uvaydov*, 354 B.R. 620, 624 (Bankr. E.D.N.Y. 2006) (finding that debtor's failure to pay over $50,000 of post-petition mortgage payments over an eleven-month period constituted "more than ample cause to lift the automatic stay"); *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 333 (Bankr. S.D.N.Y. 2001) (noting that "[t]he failure to provide adequate protection when the property is declining in value is a classic basis for granting relief from the stay for cause."). When cause exists, relief from the stay "shall" be granted. *See* 11 U.S.C. § 362(d).

The Motion for Relief from Stay establishes that cause exists to grant relief under section 362(d)(1) because, among other things, the Debtor has been in default of the Note since April 1, 2008. *See* Relief from Stay Worksheet-Real Estate attached to the Motion for Relief from Stay. Cause also exists because multiple Judgments of Foreclosure by Sale entered against the Debtor in the Connecticut Superior Court. In addition, the Debtor unsuccessfully appealed the denial of the Motion to Dismiss the State Court Foreclosure Action. *See U.S. Bank, N.A. v. Elizabeth P. Conrad et al*, 206 A.3d 258 (Conn. App. Ct. May 7, 2019). Finally, the Connecticut Supreme Court denied the Debtor's petition for *certiorari*. *See id.* ("The judgment is affirmed and the case is remanded for the purpose of setting a new sale date."), *cert. denied*, 333 Conn. 929 (October 22, 2019). On remand, the Connecticut Superior Court entered another Judgment of

Foreclosure by Sale which set January 11, 2020, as the date on which the Foreclosure by Sale was to be conducted.  *See* Exhibit M to the Motion for Relief from Stay.  All of these facts establish that ample cause exists to grant relief from the stay.

The Debtor has not presented any evidence to refute that she has not made a payment on the Note or Mortgage since April 1, 2008, or that the October 28, 2019 Judgment of Foreclosure by Sale is a final, non-appealable judgment.  The October 28, 2019 Judgment of Foreclosure by Sale is binding on this Court and entitled to preclusive effect under the Full Faith and Credit Act, 28 U.S.C. § 1738.  Further, the *Rooker-Feldman* doctrine bars this Court from reviewing the October 28, 2019 Judgment of Foreclosure by Sale.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

The *Rooker-Feldman* doctrine bars federal courts from reviewing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).  The Second Circuit has set forth four requirements that must be met in order for a claim to be barred by the *Rooker-Feldman* doctrine: (1) the plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state court judgment, (3) the plaintiff must invite district court review and rejection of the state court judgment, and (4) the state judgment must have been rendered before the district court proceedings commenced. *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009).

Each of the four requirements to bar a claim under *Rooker-Feldman* doctrine are met here.  First, the Debtor lost in state court.  The Connecticut Appellate Court affirmed the denial of the Motion to Dismiss and the Connecticut Supreme Court denied the Debtor's petition for

*certiorari*.  Second, the Debtor's arguments in opposition to the Motion for Relief from Stay are premised on injuries caused by the October 28, 2019 Judgment of Foreclosure by Sale.  Third, in order to credit the Debtors' arguments in opposition to the Motion for Relief from Stay, the Court would have to review and reject the October 28, 2019 Judgment of Foreclosure by Sale. Finally, the 2019 Judgment for Foreclosure by Sale entered before the Debtor filed her Chapter 13 case.  Therefore, because the 2019 Judgment of Foreclosure by Sale cannot be reviewed by this Court, cause exists pursuant to 362(d)(1) to grant U.S. Bank relief from the stay.

In addition, as this Court has previously noted, the bankruptcy court is not a court of appeals of state court proceedings.  *See In re Burgos*, 294 B.R. 210, 212 at n.4 (Bankr. D. Conn. 2003).  Only the United States Supreme Court has jurisdiction over appeals from final state-court judgments.  *See, e.g., Lance v. Dennis*, 546 U.S. 459, 463 (2006).  Accordingly, cause exists to grant U.S. Bank relief from the stay under section 362(d)(1).

### B.  Relief from the stay is granted under section 362(d)(2)

U.S. Bank next moves for relief under section 362(d)(2), arguing the Debtor has no equity in the Property and that the Property is not necessary to an effective reorganization.  The Court agrees.

Section 362(d)(2) provides,

> On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (2)  with respect to a stay of an act against property under subsection (a) of this section if the debtor does not have an equity in such property and such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2) (emphasis added).  The Judgment of Foreclosure by Sale establishes that the Debtor owes a debt of $884,157.06 to U.S. Bank.  *See* Exhibit M to the Motion for Relief

from Stay.  The Judgment of Foreclosure by Sale also establishes that the fair market value of the

Property is $396,000.00.  *Id.*  Therefore, no equity exists in the Property.  The Debtor has

provided no evidence to refute this fact and, as noted earlier, cannot do so since the October 28,

2019 Judgment of Foreclosure by Sale entered in the State Court Foreclosure Action is entitled

to Full Faith and Credit and the *Rooker-Feldman* doctrine requires the Court to abstain from

considering claims disputing the judgment.

Furthermore, the Property is not necessary for an effective reorganization since there is

no likelihood that the Debtor can propose and confirm a feasible Chapter 13 Plan.  *See* 3 *Collier*

*on Bankruptcy*, ¶ 362.07[4][b], p. 362-120 – 362-121 (Alan N. Resnick & Henry J. Sommers

eds., 16th ed.) (explaining that relief under section 362(d)(2) "should be granted if the debtor has

no reasonable likelihood of reorganization).

As such, relief under section 362(d)(2) is granted.

### C.  U.S. Bank is entitled to *in rem* relief under section 362(d)(4)

U.S. Bank also argues it is entitled to *in rem* relief because the filing of the Debtor's 2020

Bankruptcy Case was part of a scheme to delay, hinder, or defraud U.S. Bank that involved

multiple bankruptcy filings affecting the Property.  The Court agrees.

Pursuant to 11 U.S.C. § 362(d)(4),

> On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved –
> > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> > (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4) (emphasis added).  *In rem* relief is available "when a creditor has demonstrated that the bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors," *In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017), and involves multiple bankruptcy filings affecting real property, *In re Muhaimin*, 343 B.R. 159, 167 (Bankr. D. Md. 2006).

Bankruptcy courts may "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone."  *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (citation omitted); *see also In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *6 (Bankr. N.D.N.Y. Apr. 3, 2018) (explaining a court can "draw a permissible inference of a scheme to hinder, delay, and defraud based on the mere timing and filing of several bankruptcy cases."); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009) (recognizing the timing and sequencing of the filings significant to finding a scheme to hinder, delay, or defraud).

In this case, the record establishes that the Debtor and Mr. Conrad have filed four bankruptcy cases on the eve of the day on which the Foreclosure by Sale was to be conducted.

| Foreclosure by Sale Date | Date of Filing of Petition | Bankruptcy Case Number |
|---|---|---|
| October 4, 2014 | October 3, 2014 | Case No. 14-51541 |
| June 4, 2016 | June 3, 2016 | Case No. 16-50740 |
| March 4, 2017 | March 3, 2017 | Case No. 17-50234 |
| January 11, 2020 | January 9, 2020 | Case No. 20-50021 |

As the record demonstrates, the Debtor and Mr. Conrad engaged in a scheme to delay U.S. Bank's rights in the State Court Foreclosure Action by filing multiple bankruptcy cases to stay the Foreclosure by Sale.  Most of the cases, including the Debtor's 2020 Bankruptcy Case,

were filed with no bankruptcy purpose other than to stay the Foreclosure by Sale that would have occurred but for the filing of the petition.  For these reasons, and under the specific facts and circumstances surrounding the multiple bankruptcy filings, *in rem* relief is granted under section 362(d)(4).

### III.    Conclusion

After a review of Mr. Conrad's 2014 Bankruptcy Case, the Debtor's 2016 Bankruptcy Case, Mr. Conrad's 2017 Bankruptcy Case, the Debtor's 2020 Bankruptcy Case, the record of the State Court Foreclosure Action, and the arguments advanced in the pleadings and at the hearing held on the Motion for Relief from Stay, in accordance with 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4)(B); it is hereby

**ORDERED**: The Motion for Relief from Stay is GRANTED.  U.S. Bank is granted relief from the automatic stay under 11 U.S.C. §§ 362(d)(1), 362(d)(2), and 362(d)(4) and a separate order granting relief from the stay and *in rem* relief will enter; and it is further

**ORDERED**: The fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) is hereby waived; and it is further

**ORDERED**: Pursuant to 11 U.S.C. § 1301(c), to the extent that the co-debtor stay in 11 U.S.C. § 1301(a) applies, it is hereby terminated; and it is further

**ORDERED**: At or before 4:00 p.m. on April 16, 2020, the Clerk's Office shall serve this

Order upon the Debtor at the address listed on the Debtor's petition.


Dated at Bridgeport, Connecticut this 16th day of April, 2020.

*Julie A. Manning*
*Chief United States Bankruptcy Judge*
*District of Connecticut*