## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | CASE NO. | 20-50021 (JAM) |
| ELIZABETH P. CONRAD, | ) | | |
| | ) | CHAPTER | 13 |
| DEBTOR. | ) | | |
| | ) | RE: ECF NO. | 64 |

### Appearances

Ms. Elizabeth P. Conrad                                     *Pro se Debtor*

Roberta Napolitano, Esq.                                   *Chapter 13 Trustee*
10 Columbus Boulevard
6th Floor
Hartford, CT 06106

Linda St. Pierre, Esq.                                     *Attorney for U.S. Bank*
McCalla Raymer Leibert Pierce, LLC
50 Weston St.
Hartford, CT 06120

### MEMORANDUM OF DECISION AND ORDER GRANTING MOTION TO DISMISS

Julie A. Manning, Chief United States Bankruptcy Judge

## I.     INTRODUCTION

On January 9, 2020, Elizabeth Conrad (the "Debtor") filed the above-referenced Chapter

13 case.  After receiving an extension of time to do so, the Debtor filed her Chapter 13 Plan on

February 25, 2020 (the "Chapter 13 Plan," ECF No. 17).  On March 27, 2020, the Debtor filed an

Amended Objection to creditor U.S. Bank National Association's ("U.S. Bank") Proof of Claim

2 (the "Objection to Claim," ECF No. 48)[1].   On April 22, 2020, the Chapter 13 Trustee filed a

Motion to Dismiss the Debtor's Chapter 13 Case (the "Motion to Dismiss," ECF No. 64).

The Court held a hearing on the confirmation of the Chapter 13 Plan, the Objection to

Claim, and the Motion to Dismiss on June 11, 2020.  The Debtor, the Chapter 13 Trustee, and

counsel for U.S. Bank appeared at the hearing.  During the hearing, counsel for U.S. Bank

supported the relief sought in the Motion to Dismiss.  At the conclusion of the hearing, all three

matters were taken under advisement.

After careful consideration of the Chapter 13 Plan, the Objection to Claim, the Motion to

Dismiss, the record in this case, and the arguments presented by the parties during the June 11th

hearing, under the specific facts and circumstances of this case and for the reasons that follow,

the Motion to Dismiss is granted.  Because the Motion to Dismiss is granted, the Chapter 13 Plan

and the Objection to Claim are moot.

## II.   **DISCUSSION**

Section 1307 of the Bankruptcy Code, which governs dismissal of Chapter 13 cases,

provides, in part, as follows:

> (c) Except as provided in subsection (f) of this section, on request of a party in
> interest or the United States trustee and after notice and a hearing, the court may
> convert a case under this chapter to a case under chapter 7 of this title, or may
> dismiss a case under this chapter, whichever is in the best interests of creditors
> and the estate, for cause…

11 U.S.C. § 1307(c).  "Section 1307(c) provides a non-exhaustive list of events that would be

considered 'for cause.'"  *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017).  Cause under

section 1307(c) includes, but is not limited to, "unreasonable delay by the debtor that is

---

[1] U.S. Bank was granted relief from the automatic stay under 11 U.S.C. §§ 362(d)(1) and (d)(2),
and *in rem* relief under section 362(d)(4) on April 16, 2020.  ECF Nos. 53, 54; *In re Conrad*, 614
B.R. 20 (Bankr. D. Conn. 2020).

2

prejudicial to creditors," "failure to commence making timely payments under section 1326 of this title," and "denial of confirmation of a plan under section 1325 of this title."  11 U.S.C. § 1307(c)(1), (4), and (5).  *See In re Merhi*, 518 B.R. 705, 709 (Bankr. E.D.N.Y. 2014) ("Section 1307(c) provides that cause includes 'unreasonable delay by the debtor that is prejudicial to creditors' and 'denial of confirmation of a plan under section 1325 of this title."); *In re Ward*, 423 B.R. 22, 34 (Bankr. E.D.N.Y. 2010) (finding dismissal under 1307(c) to be appropriate when a debtor does not comply with obligations under the Bankruptcy Code, including failing to appear at the section 341 meeting, failing to provide the Chapter 13 Trustee with required documents, and failing to make preconfirmation plan payments pursuant to section 1326).  The facts and circumstances present here establish that cause exists to dismiss the Debtor's Chapter 13 case under section 1307(c).

In Chapter 13 cases, a debtor is required to commence making plan payments "not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier." 11 U.S.C. § 1326(a).  The Debtor filed this case on January 9, 2020.  The Motion to Dismiss asserts that the Debtor should have made a total of $3,750.00 in plan payments to the Chapter 13 Trustee and no payments have been made.  The Debtor does not dispute this allegation.  The Debtor's failure to make plan payments pursuant to section 1326 is cause for dismissal under section 1307(c)(4).  *See In re Kearns*, No. BR 20-10354-PRW, --- B.R. ---, 2020 WL 2311883, at *7 (Bankr. W.D.N.Y. May 8, 2020).

In addition, the Debtor has failed to comply with the duties of a debtor, including failing to provide the Chapter 13 Trustee with documents pursuant to sections 521(a)(3) and (a)(4) to allow her to determine whether the Chapter 13 Plan is feasible.  The Debtor also failed to complete the section 341 Meeting of Creditors.  These undisputed facts establish additional cause

to dismiss the Debtor's case. *See In re Burgos*, 476 B.R. 107, 113 (Bankr. S.D.N.Y. 2012) (dismissing debtor's Chapter 13 case when the debtor failed to provide tax returns to the trustee and failed to appear at a meeting of creditors).

Furthermore, the Debtor's Chapter 13 Plan cannot be confirmed. The Chapter 13 Plan does not address the proofs of claim filed in the Debtor's case. Among other things, the Chapter 13 Plan does not provide for the cure of a mortgage arrearage owed to U.S. Bank in the amount of $619,943.54 as asserted in Proof of Claim 2. The Chapter 13 Plan also is not feasible under section 1325(a)(6), which provides that a plan can be confirmed if, among other things, "the debtor will be able to make all payments under the plan." In order for a debtor to establish that a Chapter 13 Plan is feasible, a debtor's plan "must have a reasonable likelihood of success, *i.e.*, that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan." *Merhi*, 518 B.R. at 710 (citing *In re Fantasia,* 211 B.R. 420, 423 (1st Cir. BAP 1997)). As noted by the Chapter 13 Trustee, in order to cure the mortgage arrearage to U.S. Bank, the Debtor's Chapter 13 Plan would require her to make monthly plan payments of at least $10,000.00 over a period of 60 months. The Debtor's Schedules I and J, however, demonstrate that the Debtor's monthly income is *negative* $649.00. The Debtor has not shown that she has sufficient income to support her Chapter 13 Plan, which is grounds for dismissal under section 1307(c). *See id.* at 719 (dismissing chapter 13 case under 1307(c)(1) when the debtor was able to pay less than half of the amount required to confirm a plan).

## III.    CONCLUSION

Accordingly, for the reasons set forth above, and under the specific facts and circumstances of this case; it is hereby

**ORDERED**: The Motion to Dismiss is GRANTED and the Debtor's case is dismissed pursuant to 11 U.S.C. § 1307(c); and it is further

**ORDERED:** The Chapter 13 Plan and the Objection to Claim are moot due to the dismissal of the case; and it is further

**ORDERED:** At or before 4:00 p.m. on July 23, 2020, the Clerk's Office shall serve this Order upon the Debtor at the address listed on the Debtor's petition.

Dated at Bridgeport, Connecticut this 23rd day of July, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut